### STATE v. ALLEN.
No. 099-062 N.
County Court, Hillsborough County.
March 16, 1978.

Gerald R. Sage, Tampa, for the defendant.

RALPH STEINBERG, County Court Judge.

This cause came on to be heard on March 6, 1978 on the motion to dismiss filed by the defendant, C. K. Allen, by and through his attorney, Gerald R. Sage. The motion is addressed to the sufficiency of the process by which the defendant was brought before this court.

On March 6, 1978 the court took the testimony of the complaining witness, Bryan Robisheaux, to obtain, for the record, facts showing how this action was initiated. After hearing such testimony and argument of counsel for the deefndant on the motion, the court reserved ruling on the motion until March 16, 1978.

The court makes the following findings of fact pertaining to said motion —

1. Upon the complaint of Bryan Robisheaux made to a deputy clerk of this court, alleging a speeding traffic infraction by the defendant, —C. K. Allen, a city of Tampa police officer, which complaint was reduced to writing in the form of an affidavit executed by Mr. Robisheaux, the deputy clerk prepared a Florida Uniform Traffic Citation which was served on the defendant.

2. In preparing and issuing this process the deputy clerk apparently attempted to follow the procedure provided for in Rule 6.320 of the Florida Rules of Practice and Procedure for Traffic Courts.

3. It appears from the Florida Uniform Traffic Citation involved in this cause that the alleged traffic infraction occurred on February 9, 1978 in the city of Tampa. However, the citation does not indicate a date of arrest or issuance and it does not contain the signature of the defendant.

4. The complainant, Bryan Robisheaux, was not on February 9, 1978, and has not been since said date, a law enforcement officer or a traffic infraction enforcement officer as defined in Chapters 318 and 943 of the Florida Statutes.

5. The defendant, C. K. Allen, was not brought before a magistrate in connection with the alleged traffic infraction, and no testimony was taken by a magistrate in connection therewith, prior to the issuance of said citation.

After much research and deliberation the court makes the following conclusions of law —

A. The law pertaining to what is commonly called a "citizen's arrest" is not involved in this cause as the complainant did not psysically take the defendant into custody nor did he serve the defendant with a Florida Uniform Traffic Citation.

**B.** The sole issue before the court is whether the process was sufficient to give this court jurisdiction to try the defendant for the alleged traffic infraction.

**C.** The court has not found an appellate decision interpreting Rule 6.320 of the Florida Rules of Practice and Procedure for Traffic Courts. The only authority the court has found which pertains to said rule is an opinion of the Attorney General of the State of Florida, No. 077-79, dated July 27, 1977, a copy of which is attached to this order. In this opinion, which was in response to an inquiry of a circuit judge as to his authority to arrest for a traffic violation and the proper procedure to be followed in effectuating such an arrest the Attorney General stated that before a Florida Uniform Traffic Citation can be properly issued for a traffic violation committed in his presence a circuit judge "must take the arrested person before a neutral and detached magistrate and file a sworn complaint against the arrested person and have a summons issued as provided in Section 901.09 of the Florida Statutes." Therefore, the court concludes that no less is required of a complainant who is not a judicial officer and not a law enforcement or traffic infraction enforcement officer.

**D.** A reading of Chapter 318 of the Florida Statutes, Disposition of Traffic Infractions, and in particular Section 318.141, indicates that the Florida legislature intended that traffic citations be issued only by, or at the instance of, a law enforcement officer as defined in Chapter 943, F.S., or a traffic infraction enforcement officer as defined in Section 318.141 requiring at least 200 hours of instruction in traffic enforcement procedures and court presentation through the Selective Traffic Enforcement Program as approved by the Division of Standards and Training of the Department of Criminal Law Enforcement, or through a similar program.

It is therefore, upon consideration, ordered and adjudged that the motion to dismiss filed by the defendant, C. K. Allen, is granted.